The order below is hereby signed.

Signed: July 8 2025

Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MELBEN, INC.<br><br>Debtor | Docket No. 24-232-ELG<br>Chapter 11 (Subchapter V) |
| JARIS FUND, LP<br><br>Plaintiff<br><br>v.<br><br>MELBEN, INC.<br><br>Defendant | AP No. 24-10028-ELG |

## CONSENT JUDGMENT

Upon consideration of the Motion to Approve Compromise [Docket Entry 155 in the Case] and upon consideration of the Order Granting Motion to Approve Compromise [Docket Entry 161 in the Case; and upon further consideration of the endorsements of counsel, it appearing to the Court that the parties have reached a resolution of the matters raised in this Adversary Proceeding, it is, therefore,

ORDERED that, as to the claim set forth in Counts Two and Three of the Complaint, judgment be and hereby is entered in favor of Plaintiff, Jaris Fund, L.P., and against Defendant, Melben, Inc., in the amount of One Hundred Fifty Thousand Dollars ($150,000) and that the debt evidenced by this Judgment be and hereby is declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) & (B) and § 523(a)(6); and further

ORDERED that, at this time, no interest shall accrue upon the judgment herein granted; however, interest may subsequently accrue at the federal judgment rate of interest upon the conditions set forth in Sections 3.2, 3.4, 3.5, and 3.7 of the Agreement [which appears as Docket Entry 161-1 in the Case]; and further

ORDERED that as set forth in Section 3.2 of the Agreement, Jaris shall take no action to enforce this Consent Judgment unless and until any conditions occur as set forth in Section 3.2, 3.5, or 6.3 of the Agreement; and further

ORDERED that the claims set forth in Count One be and hereby are dismissed with prejudice; and further

ORDERED that, notwithstanding the entry of judgment in favor of Plaintiff as to Counts Two and Three, that Plaintiff's sole remedy is the award of the judgment and any claims for a constructive trust are dismissed with prejudice; and further

ORDERED that, for avoidance of doubt, Debtor shall not be discharged from the debt of this Judgment under any provision of the Bankruptcy Code or plan of reorganization until the amount due and owing on this Judgment is paid in full to Plaintiff, or its successor or assign; and further

ORDERED that the Court shall retain jurisdiction over this Adversary Proceeding for the limited purpose of enforcing this Judgment and any applicable provisions of the Agreement.

I Ask for This:

/s/ James T. Bacon
James T. Bacon, Esq.
Mahdavi Bacon Halfhill & Young PLLC
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
Telephone: (703) 3512-1300
Facsimile: (703) 352-1301
Email: jbacon@mbhylaw.com
*Counsel for Defendant*

I Ask For This:

/s/ Sunny Thompson [with permission]
Sunny Thompson, Esq.
Snell & Wilmer
2001 K. St., N.W.
Suite 425 – North
Washington, DC 20006
Tel: (202 908-4246
Email: sthompson@swlaw.com
Counsel for Plaintiff

**END OF ORDER**